JESSE HARWOOD & another *vs.* MICHAEL MULRY.

In an action by two partners for goods sold and delivered, after the introduction of their book of original entries, kept by one partner, with his suppletory oath that he made the entries, and delivered the goods to his copartner to be delivered to the defendant, the other partner may testify that he did deliver the goods to the defendant.

ACTION OF CONTRACT for goods sold and delivered. At the trial in the superior court of Suffolk at January term 1856, before *Abbott*, J., it appeared that the plaintiffs were copartners. One of them produced the plaintiffs' book of original entries, and testified that the goods sued for were charged therein by himself to the defendant at the dates there written, and that they were taken at those times from their shop by his partner to be delivered to the defendant, who was not present at such times.

The other plaintiff was then called and sworn, and asked whether he did not deliver to the defendant the goods charged by his partner. This question was objected to. The court sustained the objection, " it not appearing that the witness had ever made any memorandum or charge of the goods in question ; " and ruled that the testimony introduced was not sufficient to prove the delivery of the goods sued for, and would not warrant a verdict for the plaintiffs.

The plaintiffs thereupon submitted to a verdict for the defendant, and alleged exceptions.

*A. B. Davis*, for the plaintiffs.

*J. W. May*, for the defendant.

DEWEY, J. The admission of the account books of the party, accompanied by his suppletory oath, as competent evidence, was a departure from the ordinary rule excluding the testimony of a party in his own favor. The extent to which such evidence was admissible has not been marked with entire uniformity in the different states of the Union, but each has adopted its own system. Hence, in deciding upon the question raised by the present bill of exceptions, we must be gov-

erned rather by our own decisions, than by those of other tribunals. A reference to a few of the cases will, we think, sufficiently indicate the principles applicable to a case like the present.

The ancient rule, that the book prescribed must be the original entry of the charges, has not required the rejection of the book because the first actual entry was upon a slate, and afterwards transferred therefrom, the course of business and the convenience of making the charges in the particular case requiring this; and such book, though copied from a slate, was held admissible, and properly introduced with the accompanying oath of the party, in the case of *Faxon* v. *Hollis*, 13 Mass. 427. So also where the original entries were on a butcher's cart, and were transferred to the day book of the party, the book was held admissible. *Smith* v. *Sanford*, 12 Pick. 139.

In the case of work done by the servants of a painter, who sent his men to service in painting for the defendant, and the servants brought home memoranda of the items of services, and of the quantity of paint furnished, and from these memoranda the party made his charges on his book, it was held, that the book was admissible, the servants also testifying that they did bring home and deliver to the plaintiff such memoranda. *Morris* v. *Briggs*, 3 Cush. 342.

It has not been uniformly held that the party who personally made the entry on the book should be the same individual that delivered the goods; as in the case of *Littlefield* v. *Rice*, 10 Met. 287, where the entry on the books was in the handwriting of the plaintiff's wife, and without any knowledge of the delivery of the goods, except as informed by the husband, by whose direction the entry was made.

The decided cases have also sanctioned the rule that where there is more than one individual connected with the sale and delivery of the goods, and the making of the charges on the book, it is proper to introduce as witnesses all those persons who are thus connected with the transaction, and whose testimony is necessary to establish those facts which would be required to be proved by a single person, when such person had been the

sole actor, as vendor and bookkeeper. Thus in the case of *Sanford* v. *Smith,* just cited, where one of two copartners sold and delivered the articles, and charged them on the butcher's cart, and the other partner transferred the charges to the book, the latter was allowed to testify to the charges on the book, and to state that he copied them from the memoranda on the cart, but had no knowledge of the delivery, and the other partner was allowed to testify that he delivered the articles and made the charges on the cart, and upon the evidence of the two persons the book was held to be admissible.

In the case of *Littlefield* v. *Rice,* above cited, the wife, as already stated, made the charges on the book, but knew nothing of the sale or delivery; but her husband was allowed to testify that he sold and delivered the same, and directed his wife to make the entry; and the book was admitted, the necessary preliminary evidence being thus furnished by the testimony of the two witnesses, although neither alone would have been sufficient. This, like the case before us, was a case where the charges on the book were made by a person who did not deliver the articles, and the oath of the person who did deliver them was also admitted.

In *Barker* v. *Haskell,* 9 Cush. 218, which was a case of original entry being made upon a slate, and the charges transferred to a day book, as the party who charged the same on the book offered in evidence could not testify to the delivery of the articles, having no further knowledge than that he found the same on the slate, the other plaintiff was allowed to testify that he delivered the same, and charged the articles on the slate.

Looking at the ground upon which this species of evidence was originally held admissible — the necessity of the case in reference to that class of debts that are properly the subject of book charges — we are of opinion that, where there are two copartners, and one delivers the goods, and the other makes the entries upon the book, a very usual course of business, the oaths of the two may be properly introduced, and the book, with such evidence, may be admissible to the jury.

Nor is it any sufficient ground for rejecting the evidence of the party making the delivery, that he made no memorandum or charge of the goods in question. It is true that in the cases of *Morris* v. *Briggs* and *Barker* v. *Haskell,* such a memorandum had been made by the party who was called to prove the delivery, but those entries were not preserved, or produced on trial to corroborate the testimony. The fact of such delivery of goods was the point of inquiry of the party or agent who had made the delivery or performed the services charged.

In a case like that of a sale from a butcher's cart, there will be some memorandum kept by the party delivering, because the sale and delivery are wholly through the driver of the cart. But it will not be so where goods are sold at a shop, and delivered at some other place, or sent to the vendee's residence or place of business, by the vendor. The only charge, in such case, would usually be that on the book, and the proof of delivery to the party, if required, must be from some other source.

In the case of *Kent* v. *Garvin,* 1 Gray, 148, the book was held incompetent, inasmuch as the delivery was by a drayman, from whose delivery book the charges on the plaintiff's book were copied, and such drayman not being produced as a witness, the book was for that cause rejected. In the present case both the witness who made the charge on the book, and the one who delivered the goods, are produced to testify to those facts in which each participated. This obviates the objection that existed in the case of *Kent* v. *Garvin.*

*Exceptions sustained.*